# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL ELLIS,

    Plaintiff,                              14cv0004
                                           ELECTRONICALLY FILED

    v.

THE CITY OF PITTSBURGH, et al.

    Defendants.

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion to Reconsider the Court's Order (doc. no. 74) granting in part and denying in part, Defendant' Motion to Dismiss. In that Order (doc. no. 74), the Court denied Defendant's Motion to Dismiss with respect to Defendants Jeffrey LaBella and Elizabeth Vitalbo, solely with respect to Plaintiff's Section 1983 claim asserting a cause of action for excessive force. Defendant's Motion was granted in all other respects. Id.

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may decline to consider "new" evidence presented in a Motion to Reconsider, if that same evidence was available at the time the original motion was argued. *U.S. ex rel. Schumann v. Astrazeneca Pharmaceuticals L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). A court may

not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

In this case, Plaintiff offers no real argument concerning: (1) any intervening change in controlling law, (2) availability of new evidence not available previously, or (3) need to correct clear error of law or prevent manifest injustice. Essentially, Plaintiff's Motion claims that in order to draft a legally sufficient Complaint which sets forth the custom(s) and/or policy(ies) that Defendants allegedly violated, he first needs see the Defendants' policies and procedures which are located on a computer and are not available to the public. The Court disagrees.

The Court first notes that Plaintiff, even though he is acting *pro se,* must nevertheless, comply with the Federal Rules of Civil Procedure. *Lynn v. Secretary, Dept.t of Defense,* 431 Fed.Appx. 147, 150 (3d Cir. 2011) (While we have held that "[t]he allegations of a *pro se* litigant are generally held to a less stringent standard than formal pleadings prepared by a lawyer," *United States v. Albinson*, 356 F.3d 278, 284 n. 9 (3d Cir. 2004), *pro se* litigants are nonetheless required to comply with the procedures outlined in Rule 56 of the Federal Rules of Civil Procedure. See *Zilich v. Lucht*, 981 F.2d 694, 696 (3d Cir. 1992).").

Although this Court's Opinion and Order arose out of a Motion filed under Rule 12, not Rule 56, this does not change the requirement that Plaintiff, here, must comply with the Rules of Civil Procedure as well as the law interpreting those Rules. As noted by yet another Court here in the Western District of Pennsylvania:

> Although there is not a heightened pleading standard in civil rights cases and liberal standards are to be applied to *pro se* pleadings, a § 1983 complaint must still comply with the Federal Rules of Civil Procedure, [ ] and must contain at least a modicum of factual specificity, identifying the particular conduct of each defendant that is alleged to have harmed the plaintiff, so that a defendant has adequate notice to frame an answer. [ ]

*Blackstone v. Richter,* 2013 WL 4766761 (W.D. Pa. Sept. 4, 2013) (J. Bissoon) (footnotes omitted).

As noted in this Court's original Opinion, there were <u>no</u> specific allegations of fact advanced against most of the named Defendants. In addition, the Court noted that when Plaintiff did discuss some Defendants (both the municipality as well as many individuals) in the body of his Complaint, he discussed their supervisory nature and ascribed blame to them solely due to their supervisory status. In its Opinion, this Court explained how the law does not allow a plaintiff, such the one here, to proceed against a person or municipality solely because that person or entity is a supervisor. See doc. no. 74, pp. 10-14. The Court also stated:

> . . . [N]o matter how liberally the Amended Complaint is read, it lacks any allegations concerning a "permanent and well settled" course of conduct, *Monell*, 436 U.S. at 691, consisting of 'practices so persistent and widespread as to practically have the force of law.' *Connick*, 131 S. Ct. at 1359. These elements must be pled with specificity so as to establish that a "municipal custom" existed and rose to the level of an "official policy."

Id. at 14. Finally, the Court noted that most of Plaintiff's statements set forth in the Complaint, even when construed liberally in his favor, were legal conclusions. Id. at 15.

Thus, in sum, some of Plaintiff's claims were dismissed because there were <u>no</u> factual allegations which supported them. In addition, many of the Defendants were dismissed because there were <u>no</u> facts pled in relation to them. Finally, some claims and some Defendants were dismissed because, by operation of law (*Monell* and *Iqbal* in particular), a specific claim could not be sustained against a particular Defendant. Thus, Plaintiff's discovery and/or possession of any computerized policy would not have changed the outcome of the Court's prior Order – at least with respect to claims and Defendants which were dismissed under *Monell* and/or *Iqbal*.

The Court also notes that other *pro se* plaintiffs have been able to prepare a Complaint containing enough factual information to support a cause of action under 1983 and survive a 12(b)(6) Motion without first having access to computerized information. See *i.e., Langella v. County of McKean*, 2010 WL 3824222 (W.D. Pa. Sept. 23, 2010) ("Construing the allegations contained in Plaintiff's Amended Complaint liberally, as we must given Plaintiff's pro se status, we conclude that her allegations, although sparse, sufficiently state the existence of a municipal policy or custom of Defendants that caused Plaintiff's constitutional rights to be violated . . .").

Because Plaintiff failed to provide a legal basis for reconsideration of the Court's October 10, 2014 Order (doc no. 74), which dismissed some Defendants as well as some claims against the remaining Defendants, Plaintiff's Motion for Reconsideration will be denied.

**ORDER OF COURT**

AND NOW, this 24th day of December, Plaintiff's Motion for Reconsideration is DENIED.

s/ Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties

Michael Ellis, *pro se*
CV-7884 SCI Pittsburgh
PO Box 99991
Pittsburgh, PA 15233