IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL ELLIS,

      Plaintiff,

      v.

JEFFREY W. LABELLA and
ELIZABETH VITALBO,

      Defendants.

14cv0004
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION RE: *PRO SE* PLAINTIFF'S MOTION FOR A NEW TRIAL AS A MATTER OF LAW PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 50 AND 59 (DOC. NO. 171)**

### I. Introduction

On March 17, 2015, following the conclusion of a two-day trial, a jury of eight citizens of the Western District of Pennsylvania returned a verdict for Defendants and, thus, necessarily found that *pro se* Plaintiff had not proven, by a preponderance of the evidence, that either Defendant Jeffrey Labella or Defendant Elizabeth Vitalbo violated Plaintiff's Constitutional rights by subjecting him to the use of excessive force on December 31, 2011.  Doc. No. 168. Presently before this Court is a Motion filed by Plaintiff, in which he moves this Court for to Order that a new trial shall be held.  Doc. No. 171.  Plaintiff contends that a new trial is warranted because:

- the jury's verdict was "clearly against the weight of the evidence" and witnesses, including Defendants, "purposefully lied" during their testimony;
- counsel for Defendants referred to Plaintiff's criminal history in the presence of the jury, in violation of the Court's exclusion of this evidence based upon Federal Rule of Evidence 403;

1

- Plaintiff did not receive adequate discovery to prepare for trial and Defendants did not fully answer Plaintiff's interrogatories; and
- the jury did not fairly represent Plaintiff's peers because none of the jurors resided in Pittsburgh or were African-American.

Defendant wholly opposes this Motion. Doc. No. 174. The Court will analyze Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 59, which provides that the Court may grant a new trial "for a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A).[1]

## II. The Record Supports the Jury's Verdict

First, the Court will address Plaintiff's contention that the jury's verdict was "clearly" against the weight of the evidence. Both during the pre-trial process and trial, Plaintiff was afforded the opportunity to gather, organize, and present evidence and testimony that he believed supported his claims. During trial, Plaintiff was permitted to present an opening statement, testify as to his version of events on December 31, 2011 (including his encounter with Defendants), present his medical records through his testimony (due to his *pro se* status)[2], question witnesses (including Defendants), and cross-examine witnesses called by Defendants. After the close of the record, Defendants moved this Court to enter judgment as a matter of law in their favor, which would have precluded the jury from deliberating or returning a verdict. The

---

[1] The Court notes that Plaintiff did not move for judgment as a matter of law before the case was submitted to the jury and, therefore, Federal Rule of Civil Procedure 50 does not apply. It will not prejudice Plaintiff to examine his Motion only pursuant to Rule 59 because Plaintiff seeks the same relief under both Rule 50 and 59.

[2] Defendants had moved this Court to exclude reference to Plaintiff's injuries because they could only be demonstrated through medical records, which were hearsay. Doc. No. 143. The Court denied Defendants' Motion because, as a *pro se* litigation, Plaintiff was given greater leeway because of the more lenient standard District Courts are required to apply to *pro se* submissions. *See Higgs v. Attorney General of the United States*, 655 F.3d 333, 390-40 (3d Cir. 2011).

2

Court denied Defendants' Motion because the Court could not find that a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff because the case revolved, almost exclusively, on credibility determinations. Fed.R.Civ.P. 50(a)(1). Following the Court's ruling, the case was submitted to the jury and the jury was instructed how to weigh credibility of witnesses and resolve any inconsistencies, in conformance with the model jury instructions of the United States Court of Appeals for the Third Circuit. The jury was also instructed that the applicable burden of proof necessitated that they could return a verdict for Plaintiff only if he established the elements of his claims by a preponderance of the evidence. After a short deliberation, the jury found that Plaintiff had not established his claim against either Defendant.

In essence, the jury entered deliberation with competing first-hand accounts (from Plaintiff, Defendants, and third-party witnesses) of what did or did not happen on December 31, 2011. These eight individuals were tasked with determining the facts of the case, from the evidence presented, and as applied to the law as the Court instructed. Plaintiff's arguments in the present Motion are attempts to re-argue factual points and credibility determinations, which were necessarily addressed by the jury in finding that Plaintiff had not established that Defendants used excessive force against him. As such, the Court finds that sufficient legal support exists to uphold the jury's verdict because it is consistent with the evidentiary record.

### III. Defense Counsel's Reference to Plaintiff's Past Criminal Conviction was Cured by the Court's Ruling on Plaintiff's Objection and Jury Instructions

Plaintiff also contends that a new trial is appropriate because Defense Counsel referred to past criminal convictions for Driving Under the Influence of drugs or alcohol ("DUI") in front of the jury, in contradiction of this Court's exclusion of this evidence pursuant to Federal Rule of Evidence 403. Plaintiff objected to Defense Counsel's reference to prior DUIs. The Court

sustained Plaintiff's objection and instructed the jury to disregard Plaintiff's prior convictions. This point was re-iterated to the jury in the Court's final instructions, when the Court stated that:

> Likewise, objections are not evidence. Lawyers and *pro se* litigants have every right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

Doc. No. 149. Therefore, the jury was obliged to ignore reference to Plaintiff's prior DUIs and the Court must assume that the jury's verdict was not influenced by Defense Counsel's reference.

### IV. Plaintiff had Sufficient Access to Exhibits to Present His Case

Plaintiff was afforded access to appropriate documentary evidence in Defense Counsels' possession, including the City of Pittsburgh's policies for excessive use of force. The exhibits were first discussed with Plaintiff during the Pretrial Conference, during which the Court instructed Defense Counsel to meet with Plaintiff at SCI Pittsburgh to review the trial exhibits and assist Plaintiff with the preparation of his exhibits. Plaintiff did not object to this procedure or complain of any inability to present exhibits to the jury. To the contrary, during trial, the Court's Deputy Clerk assisted Plaintiff with the presentation of his documents and photographs, which were displayed to the jury on individual electronic screens in the jury box. Hardcopies of these exhibits were provided to the jury during their deliberations.

Plaintiff has not demonstrated that there were any deficiencies in Defendants' production of documents or response to Interrogatories or that a new trial should be granted on this ground.

### V. The Jury's Random Selection Produced a Fair and Impartial Jury

Finally, Plaintiff has not established that he is entitled to a new trial based upon alleged deficiencies in the selection process for the jury or its composition. The eight members of the

jury in this case were seated in conformance with the United States District Court for the Western District of Pennsylvania's "Amended Plan for Random Jury Selection," which is designed to ensure that jurors are randomly selected from the District's large geographic area and has been approved by the United States Court of Appeals for the Third Circuit (effective April 1, 2009). Plaintiff and Defense Counsel were permitted to engage in the jury selection process by: moving to strike a juror for cause, inquiring into a potential juror's ability to be a fair and impartial arbiter of the matter, ask follow-up questions of potential jurors at sidebar, and use preemptory strikes to eliminate potential jurors. During individual questioning, potential jurors were asked by the Court:

> Is there anything about the nature of this case or the parties involved that would keep you from being a fair and impartial juror?
>
> Do you understand that you are to decide this case solely on the evidence presented in the courtroom, and that you are to follow the law as instructed by the Court? Do you agree to do so?

Doc. No. 135, pg. 6, ¶¶ 13, 14. Each of the potential jury members answered that there was nothing that would prevent them from being a fair and impartial juror and each agreed to decide the case according to the law, based upon the evidence received.

> Once seated as members of the jury, each of its eight members swore the following oath:
>
> Do each of you solemnly swear that you will well and truly try the issues joined in this cause, and a true verdict render, according to the evidence and law, and this you will do as you answer unto God?

The selection process for the jury, the juror's oath, and the Court's instructions to the members of the jury allowed both Plaintiff and Defendants to have their case heard by fair and impartial members of the Western District of Pennsylvania. The Court finds that Plaintiff has not demonstrated any grounds for a new trial based upon the voir dire process.

## VI. Conclusion/Order

Plaintiff's Motion for a New Trial will be denied because there is no ground to disturb the jury's defense verdict, which was the result of consideration of the diametrically opposed versions of what occurred on December 31, 2011 between Plaintiff and Defendants.

AND NOW, this 9th day of April, 2015, IT IS HEREBY ORDERED THAT *Pro Se* Plaintiff's Motion for a New Trial Pursuant to Federal Rules of Civil Procedure 50 and 59 (Doc. No. 171) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties

Mr. Michael Ellis
CV-7884 SCI Pittsburgh
PO Box 99991
Pittsburgh, PA 15233